### NATHANIEL RAND *vs.* JOEL WILDER & another.

In the absence of any by-law or vote of a town regulating the length of notice for town meetings, seven days' notice is a reasonable time, and is sufficient to render valid a meeting held upon such notice.

The return of a constable upon a warrant for a town meeting that he had " posted the within warrant, according to law," is sufficient, without specifying the manner of posting.

An article in a warrant calling a town meeting to hear the report of the selectmen in relation to the laying out of a road, (describing it,) " or act any thing relating to the same," authorizes the town to accept the report laying out the way, and to appoint a committee to construct it.

TRESPASS for breaking and entering the plaintiff's close in Lancaster, and removing the soil and fences.  The case was submitted to the court of common pleas, and by appeal to this court, on a statement of facts, the most material of which were : The defendants, as selectmen of the town of Lancaster, laid out a town way over the plaintiff's land, and filed their report in the town clerk's office, August 11th, 1851.  On the same day, they issued their warrant to the constable of the town to warn the inhabitants of Lancaster qualified to vote, to assemble on the 18th of the same month, " to hear the report of the selectmen in relation to the laying out of a road on the petition of Thomas B. Warren and others; it being a continuation of the road leading from the Orthodox church to the neck road, so called, or act any thing relating to the same."

The service upon said warrant was thus : " Worcester, ss. In obedience to the above warrant, I hereby notify and warn the inhabitants of Lancaster qualified to vote as above re-

quired, to assemble at the within mentioned time and place, and for the purpose there expressed. Lancaster, August 11th, 1851. J. W., constable." The return was, "Worcester, ss. In obedience to the within warrant, I have notified and warned the inhabitants of Lancaster, qualified to vote as within directed, to assemble at the within mentioned time and place, and for the purposes therein expressed, by posting up this warrant according to law. Lancaster, August 18th, 1851. J. W., constable."

At the meeting held in pursuance of said warrant, the report of the selectmen laying out the way over the plaintiff's land was accepted, and the selectmen were chosen a committee to carry the report into effect. It was under this authority the alleged trespass was committed. The town of Lancaster had never passed any vote or by-law fixing the number of days' notice required for calling a town meeting, but since 1820, with three exceptions, fourteen days' notice had been given for town meetings, including the day of posting up the warrant. In one of these exceptions—a meeting for the choice of county commissioners—only seven days' notice was given. In another instance more than fourteen days' notice had been given.

Upon these facts, it was agreed that if the defendants could justify under the doings of the town, the plaintiff was to become nonsuit; otherwise, the damages to be assessed by an assessor, or by a jury.

*J. B. D. Cogswell*, (*G. F. Hoar* with him,) for the plaintiff.
*H. Williams*, for the defendants.

DEWEY, J. The defendants justify the breaking and entering the close of the plaintiff under the votes of the town of Lancaster accepting a report of the selectmen of said town locating a town way, and appointing the defendants a committee to construct said road. The plaintiff denies the validity of those votes:

1. Because the meeting at which the votes were passed, was not legally called and notified. The warrant for this meeting was issued by the selectmen on the 11th day of August, requiring the constable of said town to warn the inhabitants

of Lancaster, qualified to vote in town affairs, to assemble at
the town house in Lancaster on the eighteenth day of the same
August, and this precept was executed by posting up " this
warrant according to law " on the eleventh day of August, as
was certified by the constable in his return upon the same.
The objection taken to this notification is, not that it was not
posted up in the proper place agreeable to the usages of the
town, but that it was not posted up for a sufficient length of
time before the meeting.   The case finds that there were no
by-laws, nor any vote of the town fixing the length of time
that notifications of town meetings in Lancaster were to be
posted up.   The Rev. Sts. c. 15, § 19, provide that on receiv-
ing a warrant under the hands of the selectmen calling a town
meeting, the constable " shall forthwith notify such meeting
in the manner which shall have been ordered by the by-laws,
or by any vote of the town."   But no provision is made
beyond this, as to the length of time notice is to be given, nor
as to the manner of notifying, where there are no by-laws
and no vote of the town on the subject.   What is the effect
of a town meeting thus notified ?   Are all town meetings
invalid where the town has not, by some by-law or vote, pre-
scribed the time for the notice of the meeting ?   If so, then
all the other town meetings of Lancaster are alike invalid,
inasmuch as no such by-laws or votes have been adopted by
the town.   The practical objections to such a view of the sub-
ject would, of course, preclude us from adopting it, unless
imperiously required by a plain statute provision.   The time
that shall elapse between the notification of the meeting and
the holding of the same, must, of course, be a reasonable one.
In the absence of any vote of the town on the subject, usage
would aid in deciding the legality of the notice.   If there had
been an entirely uniform practice of notifying a certain
number of days before the meeting, for a considerable length
of time, and such meetings thus called had been sanctioned
by the silent acquiescence of the inhabitants, and their adop-
tion of the meetings, &c., as properly called, by transacting at
them their ordinary business, a meeting so called would be
reasonably notified in point of time.   The case, as stated,

does not find an entire uniformity in this respect in the calling of town meetings in Lancaster for the last thirty years. With three exceptions, the meetings have been notified fourteen days before the time of the meeting. One meeting, held for the choice of county commissioners, was notified seven days before the same was held. There has been no such usage as to seven days' notice, that it could be placed upon that ground alone. If sustained, it is upon the ground that the town not having availed themselves of their power to direct as to the time, have assented to any time that may be reasonable. We do not understand here that any question is raised as to the place where this warrant was posted up, and the constable having returned that " he posted up the same according to law," we may understand that, as to place of posting up notice, there was some vote or usage. No question seems to be raised upon that point. The decision of this court in *Briggs* v. *Murdock*, 13 Pick. 306, where the question of posting up a notice did arise, has some bearing upon the question before us. There, no mode of notifying had been agreed upon by the town, and the mode adopted was different from that formerly used, which was on the door of the ·meeting-house, but the meeting-house being taken down, the next meeting had been notified by posting a notice on a private house, and subsequently a town-house having been built, the notice was posted on the town-house. This meeting, thus notified, was held to be duly warned, although not so notified by any vote or by-law of the town. The selectmen of the town are, by the provisions of the statute, to fix the time of the holding the meetings. It is only the manner of notifying such meetings that is reserved to the town to direct by their by-laws or votes. This warrant was duly posted on the day it was issued by the selectmen. The notice was the greatest possible upon the warrant, and the question of time is rather as to the validity of the warrant. The court are of opinion that where no vote of the town exists as to the time of posting up notice, and such notice is posted up seven days before the meeting, and in proper places and manner in every other respect, and due return of the service of such warrant made

by the constable, the votes passed at such meeting are not to be held invalid upon the ground that the meeting was not legally notified. The period of seven days seems a reasonable period. It is that prescribed by the constitution for meetings for choice of senators, *c.* 1, § 2. It is that prescribed for the first meeting of corporations. Rev. Sts. *c.* 44, § 3.

2. It is insisted that the return of the constable upon the warrant was insufficient in not stating more in detail the manner of service, but merely stating that "he had posted the warrant according to law." This point, as to the return of the constable of the execution of his duties in the service of a warrant for a town meeting, has been formerly one of doubt. The ground taken was, that it required the formality of an officer's return on a civil suit. But this was otherwise held in the case of *Briggs* v. *Murdock, supra.* A contrary opinion seems to have been given in *Perry* v. *Dover*, 12 Pick. 206, and in this state of the question, the whole subject was fully considered in the case of *Houghton* v. *Davenport*, 23 Pick. 235, and the opinion in *Briggs* v. *Murdock* again affirmed. Under the latter decision, which we understand to be the latest exposition of the law on this subject, the return upon this warrant, though general, is not for that cause defective. This exception to the return is not, therefore, well taken.

3. The remaining objection to the legality of the vote of the town of Lancaster accepting the report of the selectmen laying out the road, and the further vote directing the defendants to construct the same, is, that there was no article in the warrant that would authorize the town to act on the subject of these votes. The Rev. Sts. *c.* 15, § 21, require that the subject-matter of the votes shall have been inserted in the warrant for calling the meeting, and without this, nothing acted upon shall have any legal operation. The article in the warrant, we think, was sufficient to authorize the votes adopted at the meeting, and now relied upon as a justification by the defendants. The article in the warrant, in *Avery* v. *Stewart*, 1 Cush. 496, was thus; "to see if the town will lay out, alter, or discontinue any town way," and under this article, it was held competent to discontinue a particular road, though none

was named in the article. In the present case, the subject to be acted upon at the town meeting seems sufficiently indicated in the warrant, and no objection to the legality of the votes on that account can be maintained.

Upon the whole case, therefore, the court are of opinion that there must be *Judgment for the defendants.*